UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-CR-20377-DPG-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN JOSE VALENCIA ZULUAGA,

    Defendant.
_____/

## MOTION TO STRIKE DEFENDANT'S MOTION TO STRIKE PLEADING AND SANCTIONS

Undersigned counsel, **SIMON T. STECKEL**, herein files this motion to strike the Defendant's Motion to Strike Pleading [DE31], which is opposed, and for sanctions against attorney David M. Fernandez. In support, undersigned counsel avers:

1. After this Court sentenced the Defendant Juan Jose Valencia Zuluaga ("Zuluaga") at a hearing which commenced on April 13, 2023, 11am, and ended at approximately 12:30pm, undersigned counsel received an email from the Zuluaga's attorney, David M. Fernandez ("Fernandez"), at 5:10pm, which indicated that he wanted to move to strike the Notice filed on April 13, 2023 [DE27] and requested my position on his motion in order to inform the Court.

2. On April 14, 2023, at 9:16am, undersigned counsel sent a detailed email opposing the granting of his motion to strike pleading. Attached as Exhibit A is a copy of the email Fernandez sent, as well as undersigned counsel's responsive email. According to the Clerk's Office, Fernandez then filed the motion to strike on April 14, 2023 at 9:38am, and represented in his motion to this Court that he had attempted to contact undersigned counsel but that there had

1

been "no response as to his position in regards to this motion." While practice in this district contemplates that, absent an emergency filing, that opposing counsel be given at least 24 hours to provide his position on a motion, Fernandez did not do that, and then also lied. The emails make it clear that Fernandez filed his motion to strike pleading, misrepresenting to this Court that he had not received a response from undersigned counsel, exactly 22 minutes *after* undersigned counsel sent Fernandez an email opposing his motion.

3. Pursuant to S.D.Fla.L.R. 7.1(a)(3), the "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." Moreover, pursuant to Rule 4-3.3(a)(1) of the Rules Regulating the Florida Bar, "[a] lawyer shall not knowingly...make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." *Cf.* **The Florida Bar v. Petersen**, 248 So.3d 1069,1080 (Fla. 2018) (attorney sanctioned for violating Rule 4-3.3(a)(1) by misrepresenting in a proposed order that he had submitted to the trial court that counsel for the defendant "ha[d] interposed no objection to [a] motion", when in fact that counsel had not received notice of the attorney's motion to withdraw, and "thus had no opportunity to raise an objection.").

4. "Candor to the court ought to be timely, never belated." ***J.L. Property Assications, Inc. V. Schnurr***, 330 So.3d 291 (Fla. 4th DCA 2022). Undersigned counsel waited over the weekend until today, Monday, April 17, 2023, to see if Fernandez would have corrected his false statement to this Court. However, at the time of the filing of the instant motion, Fernandez had not filed an amended motion correcting his misrepresentation. Thus, Fernandez'

lack of candor, and failure to timely correct the false statement, establish a sufficient basis to not only strike his motion but to impose sanctions upon him for lying to this Court.

5. As indicated in the email sent to Fernandez opposing his motion to strike pleading, undersigned counsel submits that his frivolous motion should be denied for the following additional reasons:

    a. Fernandez states in his motion that there is no practical purpose served in allowing this pleading to linger on the docket "*without further explanation or defense to the irrelevant and inflammatory assertions contained therein.*" (emphasis added) [DE31:1]. But at the hearing, neither Fernandez nor his client disputed any facts contained in the Notice or what undersigned counsel proffered, and failed to avail themselves of the opportunity to offer other evidence. As such, Fernandez and his client waived any right to later dispute the truthfulness of the evidence proffered or present any alleged alternative version of the facts. Moreover, after the hearing Mr. Vigo reaffirmed to undersigned counsel the accuracy of the facts contained in the Notice and that was proffered at his direction, and Fernandez now proffers no evidence in his motion to contest what he characterizes as "inflammatory assertions."

    b. Fernandez fails to recognize that this Court did deny his *ore tenus* motion to strike the Notice undersigned counsel filed and to preclude him from addressing the Court. This Court not only did not strike the Notice but allowed undersigned counsel to further explain why the Notice was filed. By doing that, the Court effectively denied both the motion to strike the Notice and to preclude undersigned counsel from presenting it at the hearing. This is not unlike the motion for downward variance which Fernandez filed but the Court also effectively denied by sentencing Zuluaga at the low end of the

advisory guideline range. While this Court indicated that it would not consider these serious allegations in sentencing Zuluaga and that the alleged serious allegations warranted investigation and presentation in another forum, the Court's actions demonstrate that it did not agree with Fernandez' request to strike them.

c. Fernandez also failed at the hearing to request leave of court to memorialize his motion to strike. In fact, when asked at the conclusion of the hearing by the Court if he had any objections he wanted to preserve, Fernandez stated he did not.

d. What Fernandez is attempting to do by filing a belated written motion to strike is to have the Court reconsider his denied request. However, Fernandez fails to allege any legal or factual basis consistent with cases decided in this district which would allow him to properly file a motion to reconsider this Court's ruling and denial of his ore tenus motion to strike. Rehashing thoughtless arguments which have already been denied are prohibited and also subject to sanctions.

6. Accordingly, since this motion to strike pleading contains a misrepresentation to this Court and is frivolous on the merits, undersigned counsel requests that Fernandez' motion be denied, and that sanctions be imposed, including but not limited to attorneys fees and referral of Fernandez to the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance pursuant to Rule 6(c)(1) of this district's Rules Governing The Admission, Practice, Peer Review, And Discipline Of Attorneys.

Respectfully submitted,

Simon T. Steckel
Florida Bar No. 343595
Bank Of America Tower
701 Brickell Avenue
Suite 1550
Miami, Florida 33131
Tel. (305) 373-1900
Email: sts1law@bellsouth.net

By: */s/ Simon T.Steckel*
Simon T. Steckel

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was tendered via CM/ECF to the Clerk of the Court and all parties of record, and via email to Assistant United States Attorney Ellen D'Angelo at ellen.d'angelo@usdoj.gov and counsel for Zuluaga, David Fernandez, at david@davidfernandezlaw.com, and to USPO Kira Harmeling at Kira_Harmeling@flsp.uscourts.gov, on this 17th day of April 2023.

*/s/ Simon T.Steckel*
Simon T. Steckel

# EXHIBIT A

**From:** Simon Steckel <sts1law@bellsouth.net>
**To:** David Fernandez <david@davidfernandezlaw.com>; D'Angelo Ellen (USAFLS) <ellen.d'angelo@usdoj.gov>
**Sent:** Friday, April 14, 2023 at 09:16:52 AM EDT
**Subject:** Re: Motion to strike

Good morning Mr. Fernandez

We oppose your belated written motion to strike for several reasons. While I do not see in your email below that you copied the Government to get their position on any prospective motion to strike that you might file, I have copied Ms. D'Angelo herein with my response to you.

First, in your email below, you allude to the filed Notice as containing "false allegations" and "other evidence that paints a very different picture." But at the hearing, neither you nor your client disputed any facts contained in the Notice or that I proffered, and failed to avail yourself of the opportunity to offer "other evidence." As such, you and your client waived any right to later dispute the truthfulness of the evidence proffered or present any alleged alternative version of the facts. Moreover, after the hearing Mr. Vigo reaffirmed to me the accuracy of the facts contained in the Notice and that I proffered at his direction.

Second, the Court did deny your ore tenus motion to strike the Notice I filed and to preclude me from addressing the Court. Judge Gayles not only did not strike the Notice but allowed me to further explain why the Notice was filed. By doing that, he effectively denied both your motion to strike the Notice and to preclude me from presenting it at the hearing. While Judge Gayles indicated that he would not consider these serious allegations in sentencing your client, his actions demonstrate that he did not agree with your request to strike them.

Third, you failed at the hearing to request leave of court to memorialize your motion to strike. In fact, when asked at the conclusion of the hearing if you had any objections you wanted to preserve, you stated you did not.

Fourth, if what you are attempting to do by filing a written motion to strike is for the Court to reconsider your denied request, you fail to allege any legal or factual basis pursuant to cases decided by this district which would allow you to properly file a motion to reconsider Judge Gayles' ruling and denial of your ore tenus motion to strike.

Accordingly, I will consider any motion to strike filed by you at this time to be frivolous, and if required to file any responses to it or appear in court to argue against it, please be advised that I will seek relief, including but not limited to attorneys fees.

Please be governed accordingly.

Simon T. Steckel, Esq.

_____

On Thursday, April 13, 2023 at 05:10:15 PM EDT, David Fernandez <david@davidfernandezlaw.com> wrote:

Good afternoon Simon.

I am drafting a motion to strike the pleading you filed on behalf of your client.

As I expressed to you after the hearing, the pleading contains false allegations that unjustly tarnish my client's and my reputation in a public filing. I understand you filed allegations that your client proffered to you and you were properly advocating his position with no mal intent or evil motive.

Now that you have the benefit of other evidence that paints a very different picture and hopefully you appreciate the reasons the filing damages my reputation, I think the right thing to do is strike the pleading. At this point it serves no practical purpose.

The judge did not formally rule on my oral motion to strike however he did say the issues were not relevant to the hearing. I wholeheartedly believe the correct and just thing to do is purge the document in order to prevent any further damage from occurring.

As per local rule, I am consulting with you regarding wether you oppose the motion to strike.

Let me know your position so that I may inform the court accordingly.

Feel free to call me if you would like to further discuss the matter.

Sincerely,
David